**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                              No. 4:12CR00261 JLH

BRADLEY LOREN GRUBBS

**OPINION AND ORDER**

On May 1, 2013, Bradley Loren Grubbs pled guilty to one count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B). On September 3, 2013, Grubbs was sentenced to a term of imprisonment of 63 months to be followed by five years of supervised release. Grubbs did not file a direct appeal. On September 8, 2014, the Clerk of Court received from Grubbs a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. That motion includes a declaration by Grubbs under penalty of perjury that he placed the motion in the prison mailing system on September 3, 2014. The sole ground for relief asserted by Grubbs in his motion is:

> I am filing for a jurisdictional grievance. My case should have been tried at state level, not federal. I was not in violation of interstate commerce.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the Clerk to notify the moving party. Here, it plainly appears from the motion and the record of prior proceedings that Grubbs is not entitled to relief. Therefore, his motion will be dismissed, and the Clerk will be directed to notify the moving party.

As noted, Grubbs entered a guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), which makes it a crime knowingly to possess depictions of child pornography using a computer that had been mailed, shipped, or transported in interstate commerce.

Grubbs entered into a plea agreement pursuant to which he admitted that he was guilty of the offense charged and each of the elements of the offense, including the connection to interstate commerce, was true. Document #18 at 1-2. During the change-of-plea colloquy, Grubbs stated under oath that he had read the plea agreement, discussed it with his lawyer, understood the terms of the plea agreement, and signed the agreement voluntarily. Document #32 at 11. Furthermore, Grubbs admitted that he had downloaded child pornography from the internet and viewed it. *Id*. at 15. Grubbs' claim that the interstate commerce connection was not met in this case is without merit.

## CONCLUSION

For the reasons stated, Bradley Loren Grubbs' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied and dismissed with prejudice. Document #34. Because Grubbs has failed to make a substantial showing that his constitutional rights were violated, no certificate of appealability will issue. The Clerk of Court is directed to send a copy of this Opinion and Order and the accompanying Judgment to Bradley Loren Grubbs.

IT IS SO ORDERED this 11th day of September, 2014.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE